UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT C. EVANS ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-6783 |
| UNITED FIRE & CASUALTY INSURANCE COMPANY ET AL. | SECTION "S" (2) |

### ORDER ON MOTION

Plaintiff, Robert C. Evans, filed a Motion to Compel more complete discovery responses. Record Doc. No. 18. Specifically, plaintiff seeks to compel more complete responses to Interrogatories Nos. 2, 3, 8 and 10 and Requests for Production Nos. 1, 6 and 10. The motion also requests an award of fees and expenses. Defendant, United Fire & Casualty Company ("United"), filed a timely opposition memorandum. Record Doc. No. 22. Evans received leave to file a supplemental memorandum. Record Doc. Nos. 23, 24, 25.

Having considered the written submissions of counsel, the record and the applicable law, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

Plaintiff's motion to compel is granted as to Interrogatory No. 2. United argues that it provided its claim file, pursuant to Fed. R. Civ. P. 33(d), in lieu of providing the requested summary. However, its answer to this interrogatory merely identifies individuals, followed by the vague reference, "see claim file." It is <u>not</u> a sufficient response to an interrogatory that asks for a contention merely to dump written materials on an opposing party and then vaguely refer to them. Fed. R. Civ. P. 33(d) requires that a responding party who refers a discovering party to its business records for an answer to an interrogatory must "<u>specify</u> the records from which the answer may be derived or ascertained . . . . A specification <u>shall be in sufficient detail</u> to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." (Emphasis added). United's current answer fails to comply with this rule. Accordingly, United must supplement its response to Interrogatory No. 2 either (1) to summarize what it contends that each listed person knows, or (2) to provide the specification required by Rule 33(d).

Defendant's objections are overruled and plaintiff's motion is granted as to Interrogatory No. 3 and Request for Production No. 6, which seek identification and production of all documents drafted by or for defendant that "guided" the way that defendant handled plaintiff's claim. United admits in its answer to Interrogatory No. 3 that it "has volumes of guidelines that would have been reviewed at some point by the

individuals handling the plaintiff's insurance claim." (Emphasis added).  All of these items must be produced.  Although United states in its <u>memorandum</u> that it has produced all documents responsive to Interrogatory No. 3 and Request for Production No. 6, its written <u>response</u> to Request for Production No. 6 states only that it has produced a claims manual, branch claims manual and "Cat Notes."  It is not clear whether these items encompass "all of the <u>volumes</u> of guidelines that would have been reviewed."  United must supplement its responses to these two requests to identify <u>all</u> responsive documents and to state clearly that it will produce, or has already produced, <u>all</u> responsive documents.

Interrogatories Nos. 8 and 9 ask United to describe all actions that John Rife, its President, and David Conner, its Vice President of Claims, took in response to plaintiff's claim and to Evans' letter to both men dated July 25, 2006, and to identify all documents to which Rife and Conner referred in taking their actions.  United objects that responsive information is shielded from discovery by the work product doctrine because Rife and Conner acted in anticipation of litigation after receiving Evans' letter.  Defendant attached to its opposition memorandum copies of the letter to Rife and Conner and another letter of the same date from Evans to United's Patrick Challenger.

Defendant's objection to Interrogatories Nos. 8 and 9 is overruled.  Rife and Conner's <u>actions</u> are not work product.  Work product has been defined as "written

3

statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties." Hickman v. Taylor, 329 U.S. 495, 51 (1947). "It is clear from Hickman that work product protection extends to both tangible and intangible work product." In re Cendant Corp. Sec. Litig., 343 F.3d 658, 662 (3d Cir. 2003). "Indeed, since intangible work product includes thoughts and recollections of counsel, it is often eligible for the special protection accorded opinion work product." 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2024 at 338 (2d ed. 1994).

Similarly, a person's actions cannot be protected by Fed. R. Civ. P. 26(b)(3), which applies only to documents and tangible things. Neither the work product doctrine nor Rule 26(b)(3) bars discovery of facts a party may have learned from sources that are not themselves discoverable. Id. at 337. Thus, the identification of documents or persons that Rife and Conner consulted is not protected from disclosure, even if the contents of the documents or communications themselves are. United must respond to these interrogatories.

All of United's objections to Interrogatory No. 10 and its companion Request for Production No. 10 are overruled. However, plaintiff's motion is denied as to this interrogatory because defendant's answer, after deleting the objection, is sufficient.

On the other hand, plaintiff's motion is granted as to Request for Production No. 10. United's current response, made subject to the overruled objection, "[s]ee documents produced in response to these requests for production," does not comply with Fed. R. Civ. P. 34(b). Rule 34(b) requires that the "party upon whom the request is served shall serve a written response," which "shall state , with respect to each item or category, that inspection and related activities will be permitted <u>as requested, unless the request is objected to</u> . . . . If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." The rule is structured in this way so that, in combination with Fed. R. Civ. P. 26(g)(2), both the requesting party and the court may be assured that <u>all</u> responsive, non-privileged materials are being produced, except to the extent a valid objection has been made.

Because United's response fails to comply with this rule, it is vague and evasive. Defendant must provide plaintiff with a new written response clearly stating either that <u>all</u> non-privileged responsive materials are being produced or that it has no responsive non-privileged materials in its possession, custody or control.

United also objected to Request for Production No. 1, which seeks its entire claim file. Defendant objected that some responsive documents created after July 25, 2006 are protected by the work product doctrine because they were prepared in anticipation of litigation. In its original and supplemental responses to Request for Production No. 1,

5

United stated that it was producing some documents, including some redacted documents, but again failed to comply with Fed. R. Civ. P. 34(b).

The motion is granted in part as to Request for Production No. 1, but preserving defendant's work product objection. Defendant must provide plaintiff with a new written response clearly stating either that <u>all</u> non-privileged responsive materials are being produced or that it has no responsive non-privileged materials in its possession, custody or control.

While United's work product objections are not overruled at this time, they are unsubstantiated. Defendant has not established that the requested materials are protected from discovery as a matter of law. The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege. <u>High Tech Commc'ns, Inc. v. Panasonic Co.</u>, No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing <u>Hodges, Grant & Kaufman v. United States</u>, 768 F.2d 719, 721 (5th Cir. 1985)); <u>In re Shell Oil Ref.</u>, 812 F. Supp. 658, 661 (E.D. La. 1993) (Mentz, J.).

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, <u>the proponent must substantiate all actual assertions</u> about the claim. This is usually done through <u>supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs</u>, discovery responses, pleadings and other undisputed facts. . . . To the extent that <u>evidentiary support for the factual</u>

>   basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

Thus, these objections of United may ultimately be sustained only if the objections are both properly asserted and the facts supporting them are established by evidence. First, the party who asserts work product or Rule 26(b)(3) objections to a request for production must comply with Rule 26(b)(5). United has provided a privilege log, but it is insufficient on its face. Rule 26(b)(5) requires such a log to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Thus, for example, the vague reference to "attachments" in Item 1 of the privilege log provides no basis on which to assess whether they may be privileged. Similarly, the reference in Item 3 of the privilege log to "Suit Record Detail Inquiry" is inscrutable.

Second, defendant bears the burden of proof on this claim. The July 25, 2006 letters do not by themselves establish that the requested information is privileged in any

way. The mere assertion of a lawyer in defendant's opposition memorandum or in the privilege log that materials were prepared in anticipation of litigation <u>is not evidence</u> sufficient to bear the burden.

Assuming that United can support its objections that the requested materials are Rule 26(b)(3) materials or work product, Evans may still obtain discovery of such materials. If United carries its burden to show that the requested materials were created in anticipation of litigation or for trial, then the materials are protected from disclosure, unless plaintiff meets his burden established in Fed. R. Civ. P. 26(b)(3), which provides:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3).

Thus, Evans may obtain the requested materials, even if they are protected as a threshold matter, if he makes the required showing. Accordingly, **IT IS ORDERED** that, no later than **August 15, 2007**, United must provide Evans with a supplemental privilege log that complies with Rule 26(b)(5). If, after reviewing this log, Evans believes that any of the listed documents either are not work product or should be

disclosed because he can make the showing required by Rule 26(b)(3), he may file another motion to compel, supported by evidence to make his Rule 26(b)(3) showing. Defendant must then respond with evidence to support its assertion of work product or Rule 26(b)(3) protection.

Furthermore, it appears from the copies of United's answers to interrogatories provided to me that the answers are not verified by the person making them, as required by Fed. R. Civ. P. 33(b)(1) and (2).  Accordingly, United is **HEREBY ORDERED** to provide the supplemental responses to plaintiff's discovery requests ordered above, with the required verification of interrogatory answers, in accordance with Fed. R. Civ. P. 33 and 34, together with a proper Rule 26(b)(5) privilege log, and to make all responsive, non-privileged documents available to plaintiff within ten (10) days of entry of this order.

Plaintiff's motion to compel has been denied in minimal part but has been granted in substantial part.  Accordingly, plaintiff's request for attorney's fees is granted and **IT IS ORDERED** that defendant must pay $450 in attorney's fees to plaintiff.  Fed. R. Civ. P. 37(a)(4)(C).

New Orleans, Louisiana, this  9th  day of August, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE