## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT C. EVANS d/b/a EVANS & COMPANY AND BREADFRUIT TREE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-6783** |
| **LAFAYETTE INSURANCE COMPANY, ET AL.** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS ORDERED** that United Fire & Casualty Company's Motion for Partial Summary Judgment (Rec. Doc. 87) is **DENIED.**

### BACKGROUND

On August 14, 2006, plaintiffs, Robert C. Evans d/b/a Evans & Company and Breadfruit Tree, L.L.C. (collectively "Evans"), filed suit against defendant, Lafayette Insurance Company, alleging that Lafayette failed to pay Evans for business interruption losses following Hurricane Katrina.  Evans contends that at the time of the storm he had a commercial insurance policy with Lafayette.  He filed a business interruption claim with United on March 16, 2006, and on June 6, 2006 United denied the claim.  Evans contends he is entitled to penalties and attorneys' fees as provided in Louisiana Revised Statute §22:658 and § 22:1220.

Evans filed a motion to amend the complaint substituting United Fire and Casualty Insurance Company for Lafayette. United has filed a motion for summary judgment contending that any recovery to which Evans may be entitled under §22:658 is limited to the version of that statute in effect at the time the penalty provision initially became applicable, which provided for a twenty-five percent penalty, and no attorneys' fees.

## DISCUSSION

**1.      Standard of Review**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

**2.     Louisiana Revised Statute § 22:658**

Historically, La. Rev. Stat. § 22:658 has undergone several revisions which have changed the amount of penalties recoverable and the availability of attorneys' fees. Before 2003, the penalties recoverable under La. Rev. Stat. § 22:658 were limited to ten percent, and attorneys' fees were recoverable. In 2003, the statute was amended to increase the available penalty to twenty-five percent and to omit attorneys' fees. On August 15, 2006, the statute was amended to increase the

2

penalty to fifty percent and to provide for the recovery of attorneys' fees.

La. Rev. Stat. § 22:658 states, in pertinent part:

A. (4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.

B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty. . .

Under the clear language of §22:658, the penalty provision becomes applicable if no payment is made within thirty days after receipt of the insurer's proof of loss. Therefore, the penalty provision in this case became applicable thirty days after Evans filed its proof of loss when United failed to make payment.

United argues that as a matter of law Evans is not entitled to recover either a fifty percent penalty or attorneys' fees because the applicable version of the statute in effect when United's alleged bad faith occurred limits Evans to a twenty-five percent penalty and prohibits the recovery of attorneys' fees. United contends that the amended version of the statute cannot be applied to Evans' claims because the statute is not intended to be applied retroactively.

Evans contends that the amended version of the statute applies to this case because the statute is remedial in nature, and the Louisiana legislature has implied that it should be applied retroactively. Louisiana courts have consistently held that La. Rev. Stat. § 22:658 is not retroactive. *Sher v. Lafayette Insurance Company*, No. 2007-CA-0757, 2007 WL 4247708 at *17-18 (La. App. 4th Cir. 2007); *Francis v. Travelers Insurance Co.,* 581 So. 2d 1036, 1044; (La. App. 1st

3

Cir. 1991); *Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited*, 554 So. 2d 1347, 1354 (La. App. 1st Cir. 1989).  This court holds that § 22:658 does not apply retroactively.

Evans further argues that although United's alleged bad faith began before the statute was amended, it continued thereafter because United continued to deny the claim.  Evans argues that an insurer's duty to fairly and promptly adjust claim is continuing and ongoing, and United's bad faith continued after the statute was amended.

This court has addressed the issue whether an insurer's alleged bad faith refusal to pay results in the applicability of an amendment when the bad faith continues after the initial refusal to pay. Some cases have declined to find that a continuing duty to fairly and promptly adjust claims allows the insured to recover under the amended version of  §22:658.  *Empire Inn, L.L.C. v. State Farm Fire and Casualty Company*, No. 06-4939, 2007 WL 2751203 at * 4 (E.D. La. Sept. 18, 2007);  *Marketfare Annunciation, L.L.C. v. United Fire & Casualty Company,* Nos 06-7232, 06-7639, 06-7641, 06-7643, 06-7644, 2007 WL 4144944 at *3 (E.D. La. Nov. 20, 2007).  Others have allowed insureds to recover under the amended statute, finding that the continuation of defendants' alleged misconduct after the amendment in August 2006 allowed plaintiff to recover under that amendment.  *Conlee v. Fireman's Fund Insurance Company*, No.  07-660, 2007 WL 2071860 at * 3 (E.D. La. July 17, 2007)(Barbier, J.); *Kodrin v. State Farm Fire Insurance Company*, No. 06-8180, 2007 WL 4163437 at * 1 (E.D. La. Nov. 21, 2007)(Barbier, J.).

This court agrees with the reasoning of *Conlee* and *Kodrin* and holds that to the extent the bad faith of United continued after the amendment, the amendment is applicable.

## CONCLUSION

United Fire & Casualty Company's Motion for Summary Judgment is denied.

New Orleans, Louisiana this ___11th___ day of December, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**