

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT C. EVANS d/b/a EVANS & COMPANY AND BREADFRUIT TREE, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-6783** |
| **LAFAYETTE INSURANCE COMPANY, ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS ORDERED** that United Fire & Casualty Company's Motion for Summary Judgment (Rec. Doc. 88) is **DENIED**.

## BACKGROUND

On August 14, 2006, plaintiffs, Robert C. Evans d/b/a Evans & Company and Breadfruit Tree, L.L.C. (collectively "Evans"), filed suit against defendant, Lafayette Insurance Company, alleging that Lafayette failed to pay Evans for a business interruption loss which occurred at its New Orleans office as a result of Hurricane Katrina. Evans contends that at the time of the storm it had a commercial insurance policy with Lafayette. It filed a business interruption claim with United on March 16, 2006, and on June 6, 2006, United denied the claim.

Evans filed a motion to amend the complaint, substituting United Fire and Casualty Insurance

Company for Lafayette. United has filed a motion for summary judgment contending that Evans' business interruption claim must be dismissed because there was not a complete cessation of business as required under the policy; Evans loss, if any, did not occur because of storm damage to the property; and Evans cannot show that he suffered an actual loss under the policy.

## DISCUSSION

**1.   Standard of Review**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

**2.   Loss of Business Income**

   *a.   Applicable Policy Form*

A review of the five declarations pages for the policy in effect at the time of the loss reveals that form PC 7003 (07-96) applied to Evans' Louisiana location.[1] Form PC 7003 (07-96) states, in pertinent part:

   A. COVERAGE

---

[1] Exhibit A, attached to United's Reply Memorandum (Rec. Doc. 110).

>We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
>4. Additional Coverages
>
>* * * * *
>
>e. Business Income
>We will pay for actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration." The suspension must be caused by direct physical loss of or damage to property at premises . . . caused by or result from any Covered Cause of Loss . . . .
>
>H.   DEFINITIONS
>
>* * * * *
>
>3. "Operations" means your business activities occurring at the described premises.
>4. "Period of Restoration" means the period of time that:
>   a. Begins with the date of direct physical loss or damage caused by or resulting from any Covered Cause of Loss at the described premises; and
>   b. Ends on the date when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality.

### b.   *Complete Cessation of Business*

United contends that a complete cessation of operations was required under the applicable policy for Evans to have coverage for its business interruption claim. The applicable form, PC 7003 (07-96), provides that United will pay for actual loss of business income Evans sustains due to the "necessary suspension" of Evans' "operations" during the "period of restoration." "'Operations' means your business activities occurring at the described premises." United cites several cases which contain the same language as this policy in support of its contention that a complete cessation

3

of business is required for Evans to recover for loss of business income.[2] A suspension usually involves a total cessation of business, and a slowdown or reduction of operations is generally not enough to trigger coverage. 11 Couch on Insurance, § 167.11 (3d ed. 2007).

United argues that Evans has law offices in Louisiana, Colorado, Texas, and North Carolina, and the New Orleans office suffered only a slowdown of operations, which is insufficient under the terms of the policy to warrant coverage for the business interruption claim. United contends that because several employees from the New Orleans office continued working from other locations after the hurricane, no complete cessation of operations took place. For example, one of the New Orleans' attorneys worked in New York while a paralegal worked in both Virginia and Florida. Further, Evans, himself, worked from his Colorado office. In October 2005, Evans' website stated that legal services were not interrupted because attorneys worked at other offices .

The policy covers "a necessary suspension of the operations," and the term "operations" is defined as "your business activities occurring ***at the described premises***." (emphasis supplied). Although the declarations pages of the policy list the "described premises" as Louisiana, Texas, and Colorado, the policy forms applicable to each office differ. In addition to the declarations pages, form PC 7003 (07-96), which applies to the New Orleans office, also refers to "described premises."

This court finds that a total cessation of business was required under the policy language, and a total cessation of business occurred at the New Orleans office because there is no dispute that work did not occur in that office for a certain period of time following the hurricane. The fact that New

---

[2]*Buxbaum v. Aetna Life and Casualty Company*, 103 Cal. App. 4th, 434, 448-449 (Cal. t. App. 2002); *Home Indemnity Company v. Hyplains Beef, L.C.*, 893 F. Supp. 987, (D. Kan. 1995); *Forestview the Beautiful, Inc. v. All Nation Insurance Company*, 704 N.W.2d 773 (Minn. Ct. App. 2005).

Orleans office employees worked from remote locations does not prevent a complete cessation of business from occurring in Louisiana. Evans had an obligation to mitigate his damages. He did so by having the employees work at other locations while the New Orleans office could not be occupied.

### c.   Damage to the Property

United contends that Evans may not assert a business interruption claim because the cessation of business was not caused by storm damage to the property, but because of other factors such as the mandatory evacuation of the city and lack of power. Evans contends that it suffered roof damage and was unable to have the roof repaired until January 2006. United contends that the damage to the roof did not prohibit business activities at the New Orleans office.

Evans argues that roof damage was the reason for its inability to conduct business at the New Orleans office because of the water intrusion. In his deposition, Evans explained that before workers returned to the New Orleans office, a blue tarpaulin was placed on the roof to prevent water from coming in.

There are disputed issues of fact whether the reason for the total cessation of the business was damage to the roof. Although Evans' damages to the New Orleans office may be limited to the loss incurred in the brief period before temporary roof repairs allowed his staff access to the premises, coverage is not precluded.

### d.   Actual Loss

United contends that the policy does not afford Evans coverage because there was no actual loss of business income in the New Orleans office. Evans argues that it is not possible to segregate income or expense at the particular location because records are not kept in that manner. The experts

5

for opposing sides take different approaches to the business loss analysis. Disputed issues of fact preclude the granting of summary judgment on this issue.

## CONCLUSION

United Fire & Casualty Company's Motion for Summary Judgment is denied.

New Orleans, Louisiana this __18__ day of December, 2007.

*[signature]*
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE