## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT C. EVANS d/b/a EVANS &**        **CIVIL ACTION**
**COMPANY AND BREADFRUIT**
**TREE, L.L.C.**


**VERSUS**        **NO:  06-6783**


**LAFAYETTE INSURANCE**        **SECTION: "S" (2)**
**COMPANY, ET AL.**

## ORDER AND REASONS

      **IT IS ORDERED** that United Fire & Casualty Company's Motion in Limine to Exclude Testimony of Russ Herman (Rec. Doc. 90) is deferred, and the parties are directed to submit memoranda regarding whether the amount of reasonable attorneys' fees due will be decided by the jury or the judge, within ten days from the date of entry of this order.

      **IT IS FURTHER ORDERED** that United Fire & Casualty Company's Motion to Strike New Claims (Rec. Doc. 99) is **GRANTED.**  The new claims which are the subject of this motion to strike are in essence an attempt to amend the pleadings, without obtaining leave of court.

      **IT IS FURTHER ORDERED** that United Fire & Casualty Company's Motion to Exclude Testimony of Steven Johnson (Rec. Doc. 98) is **DENIED.**  In determining the admissibility of expert testimony, "the district court should approach its task with proper deference to the jury's role as the

arbiter of disputes between conflicting opinions. As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Lefore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987)).

There are conflicting expert opinions on how the covered losses should be calculated. The motion to exclude the testimony of Steven Johnson is denied.

**IT IS FURTHER ORDERED** that Robert C. Evans d/b/a Evans & Company and Breadfruit Tree, L.L.C.'s Motion to Review and Reverse Magistrate Wilkinson's November 14, 2007 Order Granting Defendant's Motion to Compel (Rec. Doc. 108) is affirmed insofar as it orders production of underlying invoices, billing statements, evidence of income for the 2004 and 2005 Profit and Loss Statements, and the same records for 2006. It is reversed insofar as it orders production of these records for 2007.

New Orleans, Louisiana this _18th_ day of December, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**